```
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
REX D. GARNER, ESQ.
Nevada Bar No. 9401
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
       rex.garner@akerman.com
```

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>COPPER CREEK HOMEOWNERS ASSOCIATION, ATC ASSESSMENT COLLECTION GROUP, LLC, ELIZABETH PERALEZ, an individual,<br><br>Defendants.<br><br>ELIZABETH PERALEZ, an individual,<br><br>Counter-claimant,<br><br>v.<br><br>BANK OF AMERICA, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Counter-defendants. | Case No.: 2:16-cv-02963-APG-CWH<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRITS OF CERTIORARI TO UNITED STATES SUPREME COURT** |

Plaintiffs, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (**BANA**) and Federal Home Loan Mortgage Corporation (**Freddie Mac**) (collectively, **Plaintiffs**), by and through their counsel of record, Ariel E. Stern, Esq. and Rex D. Garner, Esq. of the law firm of Akerman LLP; defendant Copper Creek

{41285730;1}                                                1

Homeowners Association (**Copper Creek**), by and through its counsel of record, Amber M. Williams, Esq. and J. William Ebert, Esq.; and defendant Elizabeth Peralez (**Peralez**) by and through her counsel of record, Craig S. Dunlap, Esq., (collectively, the **parties**) stipulate as follows:

1. This lawsuit involves quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted pursuant to NRS 116.

2. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159–60 (9th Cir. 2016), holding that NRS 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, *N.A.*, 133 Nev. Adv. Op. 5, __ P.3d __, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution and that a homeowners association's assessment lien foreclosure sale pursuant to NRS Chapter 116 does not constitute a takings in violation of the Supremacy Clause of the United States Constitution.

4. The parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court. Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is April 3, 2017. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753. Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 25, 2017. Thus, the parties believe the stay requested herein is appropriate.

5. On February 8, 2017, the Nevada Supreme Court stayed the issuance of the remittitur in *Saticoy Bay* pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

6. Several judges in this district have stayed similar cases pending exhaustion of all

{41285730;1}                                                                      2

appeals before the United States Supreme Court. *See e.g., Nationstar Mortg. LLC v. Green Valley S. Owners Ass'n*, No. 2:16-cv-00883-GMN-GWF, ECF No. 38 (D. Nev. Oct. 5, 2016); *Bank of America, N.A. v. Canyon Willow Trop Owners' Ass'n*, No. 2:16-cv-01327-GMN-VCF, ECF No. 25 (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Tr. Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH, ECF No. 29 (D. Nev. Feb. 28, 2017).

7. To determine if a continued stay is appropriate, the Court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will be enable to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein.

b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for all parties to have finality, given the split in the state and federal court decisions. The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

c. <u>Orderly Course of Justice</u>: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the constitutional issues and the state court/federal court conflict.

{41285730;1}                                             3

8. The parties agree that all proceedings in the instant case, including motion, discovery, and other litigation deadlines, are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court.

9. Any party may file a written motion to lift stay at any time if either party determines it appropriate.

10. Pending review and approval of this stipulation by the Court, any deadlines for currently pending motions are suspended. If this stipulation is not approved by the Court, any responses, oppositions, and/or reply briefs on pending motions will be due thirty (30) days from entry of the Court's order. If this stipulation is granted, all pending motions as of the date of this stipulation shall be deemed withdrawn and may be re-filed upon expiration of the stay if appropriate. The parties shall, within forty five (45) days of final resolution of all *Bourne Valley* and/or *Saticoy Bay* proceedings before the United States Supreme Court, submit a joint status report and renewed discovery plan and scheduling order for the Court's approval pursuant to local rules.

DATED March 28, 2017.

**LIPSON NEILSON COLE SELTZER & GARIN**

*/s/ Amber M. Williams*
Amber M. Williams
J. William Ebert
9900 Covington Cross Dr.
Ste. 120
Las Vegas, NV 89144

*Attorneys for Defendant Copper Creek Homeowners Association*

**CRAIG S. DUNLAP, ESQ.**

*/s/ Craig S Dunlap*
Craig S Dunlap, Esq.
10161 Park Run Drive
Suite 150
Las Vegas, NV 89145

*Attorney for Elizabeth Peralez*

**AKERMAN LLP**

*/s/ Rex D. Garner*
Ariel E. Stern, Esq.
Nevada Bar No. 8276
Rex D. Garner, Esq.
Nevada Bar No. 9401
1160 Town Center Drive
Suite 330
Las Vegas, NV 89144

*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
Dated: March 29, 2017.

{41285730;1}   4